**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY DAVIS,** | ) | **CASE NO. 1:09 CV 570** |
| | ) | **1:06 CR 257** |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

Before the Court is Petitioner Jeffrey Davis' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (***ECF No. 96***)[1] and corresponding Motion for Discovery pursuant to Rule 6 of the Rules Governing §2255 Proceedings (***ECF No. 101***). For the reasons that follow, the Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, the Motion for Discovery is **DISMISSED AS MOOT**, and the instant matter is **DISMISSED WITH PREJUDICE**.

**I.**

On April 26, 2006, the Cleveland Police were called to Quay 55, a lakefront residential complex, at the behest of building owner Mark Coffin, after the building's manager, Donald Barnhart, found cocaine, marijuana and firearms in two of the building's storage lockers. Further investigation of the storage lockers, which were secured by Master locks but had not been assigned to any building resident, revealed, among other items, a cashier's check remitted

---

[1]ECF citations correspond to Case No. 1:06cr257.

by "Big 80 Productions" and a license plate. The building manager informed the police that Petitioner, who lived in Quay 55, had received faxes addressed to Big 80 Productions. Additionally, a police database search revealed that Petitioner co-owned the vehicle associated with the license plate, a Lincoln Navigator, which Petitioner was known to drive, parked near the storage lockers in the Quay 55 parking garage.[2] A drug sniffing dog was called in to examine the Lincoln Navigator and alerted to the front driver's side door. The officers then went to Petitioner's apartment and knocked on his door, where there was no answer.

A few minutes later, one of the officers decided to investigate the outside of the building and found a bag of marijuana floating in the lake, below Petitioner's apartment. Meanwhile the building manager informed the remaining officers, who had left Petitioner's floor, that Petitioner had called the security desk asking why the police were knocking on his door. Based on this information, the officers went back up to Petitioner's apartment and arrested him.

After Petitioner was arrested and twice read his Miranda rights, Detective Jeff Follmer questioned him in a police car. Petitioner asked why his Lincoln Navigator was being towed and stated there was a large sum of money in his apartment. He denied the presence of any narcotics in the apartment. When Detective Follmer asked whether he had any Master lock keys in his apartment, Petitioner put his head down and did not answer.

Detective Follmer then went to the district office and prepared an affidavit and search warrant which was reviewed and signed by Judge Timothy McGinty of the Cuyahoga

---

[2]The license plate itself was actually registered to a separate individual. However, a VIN search of the vehicle associated with the license plate revealed Petitioner to be a co-owner of the Lincoln Navigator.

County Court of Common Pleas. After the search warrant was signed, Detective Follmer called the officers at the scene to commence the search of Petitioner's apartment. Found in the apartment was over $200,000 in cash, Master keys corresponding to the Master locks found on the storage lockers, a dining table matching a dining table leaf extension confiscated from the storage lockers, and a screen pushed out from a window overlooking the lake.

Subsequently, the United States Attorney's Office filed a criminal complaint against Petitioner on April 28, 2006, alleging violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A). A detention hearing and preliminary hearing was held on May 4, 2006, before Magistrate Judge Kenneth McHargh of this Court, who found probable cause to support the complaint. On May 23, 2006, a federal grand jury returned a two count indictment against Petitioner charging him with possession with intent to distribute 5 kilograms or more of cocaine and with being a felon in possession of firearms.

On August 8, 2006, Petitioner filed motions to suppress evidence obtained pursuant to an illegal detention, illegal search, and an illegal arrest. The Court held an evidentiary hearing on August 31, 2006, at the end of which it denied Petitioner's motions. Specifically, the Court found that Petitioner's connection to the license plate and Big 80 Productions check discovered in the storage lockers, the alerting of the drug sniffing dog to Petitioner's Lincoln Navigator, the bag of marijuana found floating in the lake underneath Petitioner's apartment, and Petitioner's suspicious behavior in not opening the door for the police provided probable cause for the warrantless arrest. Additionally, probable cause existed for issuance of a search warrant because Petitioner acknowledged he owned Big 80 Productions, confirmed he owned the Lincoln Navigator, and admitted that he had a large sum of money in

his apartment.

Shortly before his trial was to commence, Petitioner pleaded guilty to the indictment pursuant to a written plea agreement. The Court advised Petitioner of his rights, examined him under oath, and determined that his plea was knowing, intelligent and voluntary. Sentencing was scheduled for December 18, 2006, but was continued on several occasions due to Petitioner's counsel's unavailability. Petitioner then notified the Court on January 23, 2007, that he wished to consult with another attorney and that he was considering withdrawing his guilty plea.

Petitioner did not file a formal motion to withdraw his guilty plea until April 23, 2007. The Court denied the motion at a May 1, 2007 hearing. Critical to the Court's decision was that Petitioner waited several months to move to withdraw his plea, requested and was granted continuances because he was attempting to negotiate a cooperation agreement with the government that would benefit him at sentencing, and lacked credibility in testifying that he pleaded guilty out of fear of retribution from a recently deceased individual. Petitioner was then sentenced to a term of 168 months imprisonment on May 18, 2007.

Petitioner appealed the denial of the motion to withdraw his guilty plea, as well as the conviction and sentence. The Sixth Circuit Court of Appeals denied his motion to remand the case for an evidentiary hearing for ineffective assistance of counsel and dismissed his appeal on the ground that he had expressly waived his right to appeal in his plea agreement. Petitioner then filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 ("§2255 motion"), for which briefing has been completed.

**II.**

Under 28 U.S.C. §2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a §2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Petitioner claims that the defect in the proceedings is that his constitutional rights were violated due to ineffective assistance of counsel. To prove ineffective assistance of counsel, Petitioner must first demonstrate that counsel was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id*. (internal quotation omitted). That is, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88.

Petitioner must also prove that "the deficient performance prejudiced the defense." *Id*. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694, and that counsel caused Petitioner "to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th

5

Cir. 1992).

As an initial matter, all but one of Petitioner's stated grounds for ineffective assistance of counsel are foreclosed by his guilty plea because they challenge counsel's performance at either the preliminary probable cause or suppression hearings.[3] *United States v. Carver*, 179 Fed App'x 276, 278 (6th Cir. 2006) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea")). A guilty plea is an admission of the facts charged in the indictment. *United States v. Daniel*, 275 Fed. App'x 485, 486 (6th Cir. 2008). A defendant is in the unique position of knowing whether the facts as charged in the indictment are true. Counsel's alleged deficiency in, for example, failing to call or impeach witnesses at a preliminary hearing or suppression hearing held months earlier does not alter that knowledge nor does it provide any basis for a defendant to retract the factual admissions he made when he pleaded guilty.

The lone contention not foreclosed by Petitioner's guilty plea is that counsel was deficient for filing an unsigned affidavit of Petitioner in support of Petitioner's Motion to Withdraw Guilty Plea which had already been used as part of Petitioner's Motion to Suppress. While counsel clearly erred by filing the unsigned, old affidavit, the error had no effect on the outcome of the Motion to Withdraw Guilty Plea hearing, where Petitioner had the opportunity to testify. The Court denied Petitioner's Motion to Withdraw Guilty Plea because: 1) the motion

---

[3]The only contention which is not foreclosed, as discussed *infra*, is that Petitioner received ineffective assistance of counsel in attempting to withdraw his guilty plea.

was made more than seven months after his guilty plea; 2) months after pleading guilty, Petitioner offered to cooperate with law enforcement in return for a downward departure; and 3) the Court did not find Petitioner's testimony credible. Specifically, the Court did not find credible Petitioner's testimony that he pleaded guilty out of fear of harm by an individual he last saw "15 years ago," (*ECF No. 68* at 12), who he alleges "was responsible for putting the drugs and guns in the locker" (*Id*. at 5). The Court took exception when Petitioner claimed that several people had informed him of the threat of harm, but when pressed for details he could only provide a vague recollection of one person telling him of the threat in a letter the whereabouts of which Petitioner could not specifically recall. *Id*. at 51. Thus, Petitioner had every opportunity to testify to material facts that would have been included in an affidavit but the Court did not find this testimony credible. Submission of a signed affidavit would not have impacted the Court's decision.

### III.

Even if Petitioner's foreclosed arguments are considered on their merits, none of them warrant relief. Petitioner argues that counsel was ineffective at the preliminary probable cause hearing for failing to call Cleveland Police Officers Nahra and Andrejack as witnesses. Petitioner argues that without the testimony of these officers involved in the arrest, probable cause cannot be established. Petitioner, however, has not demonstrated how the testimony of these officers would have altered the outcome of the probable cause hearing. Magistrate Judge McHargh found probable cause based on the testimony of DEA Agent Lee Lucas and Detective Michelle Rivera. There is no basis for Petitioner's contention that the hearsay testimony of Lucas and Rivera could not be used in a preliminary hearing. *United States v. Killibrew*, 594

F.2d 1103, 1105 (6th Cir. 1979). Since Lucas' and Rivera's testimony were admissible and since Petitioner has not explained how the testimony of Officers Nahra and Andrejack would have impeached Lucas and Rivera, the Court cannot find that Petitioner was prejudiced by counsel's conduct.

Petitioner also claims that counsel failed to obtain DEA Agent Lucas' disposition report, which Petitioner argues is "directly contrary to what really transpired in this case." *ECF No. 102* at 6. Petitioner contends that had counsel secured this report he could have impeached Lucas' testimony at the preliminary hearing. Petitioner argues that the report's statement that the DEA was the arresting agency on April 26, 2006 is "fraudulent" because the Cleveland Police Department was the arresting agency. *Id*. at 5-6; *ECF No. 96* at 12. Even if the Cleveland Police Department and not the DEA was the arresting agency, this minor inconsistency in Lucas' testimony does not cast doubt on the Magistrate Judge's finding of probable cause.

Next, Petitioner argues that at the suppression hearing counsel failed to fully investigate the case by not obtaining a police report which he believes contradicts witness testimony, particularly regarding the chronology of the arrest and search. However, neither Petitioner's motion nor his reply brief explain how the police report contradicts witness testimony or the sequence of events. Rather, Petitioner relies on conclusory allegations that do not satisfy his burden of demonstrating that counsel performed deficiently and that this deficiency prejudiced Petitioner.

Petitioner also argues that counsel was ineffective at the suppression hearing for not introducing the unsealed search warrant which erroneously states the date the search was executed. However, Petitioner has failed to identify the prejudice caused by an erroneous date

8

on the search warrant when extensive sworn testimony corroborates the dates of the search.

Finally, Petitioner argues that counsel was deficient at the suppression hearing for failing to call Don Barnhart, the building manager who actually found the items listed in the search warrant affidavit. Counsel did call as a witness, Mark Coffin, the building owner, who testified that Barnhart had found the contraband. Petitioner has not shown that Barnhart's testimony would have been any different than Coffin's and that the suppression hearing outcome may have been different. Without this showing of prejudice, Petitioner's argument must be rejected.

## IV.

While Petitioner cannot claim his constitutional rights were violated at preliminary hearings held prior to his open admission of guilt, Petitioner can challenge whether, due to the ineffective assistance of counsel, his guilty plea was not knowing, voluntary, or intelligent.

Though not explicitly listed as one of his grounds for relief in his brief in support of his §2255 motion, Petitioner has attached an affidavit stating that on counsel's advice "I unitelligently plead guilty [sic]" and "[h]ad my lawyers conducted an adequate and thorough investigation, had they prepared for the specific hearings they litigated and found the newly discovered evidence I've recovered, there is no doubt that I would not have plead [sic] guilty but would have firmly insisted on going to trial." *ECF No. 96-9* at 33, ¶10; *Id*. at 34, ¶17. Thus, it can be interpreted that Petitioner is challenging the intelligence of his plea.

In order to demonstrate ineffective assistance of counsel in pleading guilty, Petitioner must show: 1) counsel's representation fell below an objective standard of

9

reasonableness; and 2) there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Hunter*, 317 Fed App'x 470, 472 (6th Cir. 2009) (applying *Strickland* test).

The Court rejects Petitioner's contention that his plea was not intelligent and that but for counsel's deficient performance he would not have pleaded guilty. Petitioner moved the Court to withdraw his guilty plea on the basis that he pleaded guilty in order to protect his family from Ray McGee, the true owner of the contraband found in the Quay 55 storage lockers. *See ECF No. 65* at 4-5. According to Petitioner's motion, McGee was subletting Davis' apartment. *Id*. at 6. Yet, at the hearing on Petitioner's motion to withdraw his guilty plea, Petitioner admitted that he had "not seen Ray since [playing] basketball, 15 years ago" and that McGee "was out of [Petitioner's] life." *ECF No. 68* at 12. Petitioner also admitted that after pleading guilty, he offered to cooperate with the police in an attempt to have his sentence reduced. *Id*. at 23. The Court ultimately denied Petitioner's motion to withdraw his guilty plea, finding a lack of credibility in Petitioner's seemingly contradictory testimony that he pleaded guilty out of fear of McGee yet was still willing to cooperate with the prosecution to reduce his sentence. *Id*. at 50-53.

If fear of Ray McGee was Petitioner's true reason for not pleading guilty, counsel's allegedly deficient performance would have had no bearing on Petitioner's decision to plead guilty. Petitioner has now either testified or represented to the Court in briefing that: 1) he owned the contraband and that he was guilty of the crimes charged; 2) he only pleaded guilty out of fear of being harmed by Ray McGee, the true owner of the contraband, who was "out of" Petitioner's life for 15 years yet was supposedly subletting Petitioner's apartment; and 3) he

10

would not have pleaded guilty if counsel had sufficiently investigated the case, prepared thoroughly, and found relevant evidence. Even if counsel had performed ineffectively, Petitioner's constantly changing story makes it impossible for him to carry his burden of proving that but for anything his attorney did or did not do, he would not have pleaded guilty.

Along with the Motion to Vacate, Set Aside or Correct Sentence, Petitioner has filed a Motion for Discovery Pursuant to Rule 6 of the Rules Governing §2255 Proceedings ("Motion for Discovery"). The Court has held that Petitioner's grounds for relief have been waived by his guilty plea or are meritless due to his lack of credibility. Discovery would not produce relevant evidence changing the Court's determination. Accordingly, the Motion for Discovery is dismissed as moot.

### IV.

For the reasons discussed, *supra*, Petitioner Jeffrey Davis' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (***ECF No. 96***) is **DENIED**, the Motion for Discovery Pursuant to Rule 6 of the Rules Governing §2255 Proceedings (***ECF No. 101***) is **DISMISSED AS MOOT**, and the instant matter is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     August 18, 2009*
**Dan Aaron Polster**
**United States District Judge**